GRANT W. SULLIVAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sullivan v. Commissioner
Docket No. 27486-83.
United States Tax Court
T.C. Memo 1985-439; 1985 Tax Ct. Memo LEXIS 192; 50 T.C.M. (CCH) 874; T.C.M. (RIA) 85439; August 21, 1985. Grant W. Sullivan, pro se. Charles W. Maurer, Jr., for the respondent. RAUM
MEMORANDUM FINDINGS OF FACT AND OPINION RAUM, Judge: The Commissioner determined deficiencies, including additions to tax, against petitioner, as follows: Additions to Tax,
I.R.C. 1954
Year
Increase in Tax
Sec.6654(a)
Sec.6653(b)
1978
$3,455.00
$110.06
$1,727.50
1979
3,987.03
165.82
1,993.52
1980
3,694.50
236.38
1,847.25
1981
3,663.00
282.54
1,831.50
*193 The principal issue is whether wages or compensation for services rendered by petitioner constituted taxable income. Also involved are section 6654(a) additions to tax for failure to pay estimated income tax, and section 6653(b) additions for fraud. FINDINGS OF FACT The stipulation of facts and accompanying exhibits filed by the parties are incorporated herein by reference. The Commissioner's requested findings of fact are found to be accurate, [1] and to the extent sufficient for the disposition of this case are incorporated in substance below. Petitioner uses a New Hampshire post office box as a mailing address. At the trial of this case he refused to disclose the address of his residence, claiming a Fifth Amendment privilege against self-incrimination. During the taxable years 1978 through 1981, petitioner used the cash method of accounting. Petitioner was approximately 37 years of age at the time of the trial. He graduated from public high school in Greene, New York, in 1965, and from the State University of New York at Binghamton *194 in 1970, receiving a B.A. in Physics with a minor in Mathematics. He thereafter completed 12 credit hours of "essentially preliminary post-graduate courses" and completed an additional 22 credit-hours toward the M.S. degree in computer science. Petitioner worked part-time while an undergraduate student in college. Following his graduation in 1970 he worked as a programmer analyst for the School of Advanced Technology of the State University of New York, through August 1973. From September 1973 through October 1977 he worked as a programmer analyst for the Upstate Medical Center Division of the State University of New York. He was paid for services rendered in all of the above-described jobs. During the taxable year 1977 petitioner also worked as a software engineer of the Research Foundation of the State University of New York. He was paid $1,747.80 for these services. The payment was received in 1978. Petitioner filed Federal income tax returns for all of the years 1966 through 1975, and incurred tax liability for each such year (except 1967 and 1968), all of which was paid through tax withholding. He filed no Federal income tax returns for any of the years 1976 through *195 1981. On November 21, 1977, petitioner began working as a programmer analyst for Hendrix Electronics, Inc., Manchester, New Hampshire. On the first day of his employment, November 21, 1977, petitioner filed an "Exemption From Withholding (of Federal Income Tax)" (Form W-4E) in which he certified under the penalties of perjury that "I incurred no liability for Federal income tax for 1976 and that I anticipate that I will incur no liability for Federal income tax for 1977". A similar Form W-4E was filed January 11, 1978. On January 2, 1979, January 3, 1980, November 17, 1980, January 14, 1981, and January 8, 1982, petitioner filed an "Employee's Withholding Allowance Certificate" (Form W-4) in which he claimed "exemption from withholding". During the taxable years 1978 through 1981, Hendrix Electronics, Inc., paid wages to petitioner as follows: 1978
$17,890.39
1979
20,346.02
1980
22,880.89
1981
24,403.93
Hendrix Electronics, Inc., furnished a Wage and Tax Statement (Form W-2) to petitioner for each of the taxable years 1978 through 1981 showing the amount of wages paid. As a result of the Forms W-4E and W-4 filed by petitioner, no Federal income tax was *196 withheld from the wages paid to petitioner by Hendrix Electronics, Inc., for the taxable years 1978 through 1981. By a letter dated September 17, 1981, the IRS advised petitioner that it was reviewing his Form W-4, which had been forwarded to it by petitioner's employer in accordance with applicable regulations. The letter called upon petitioner to complete certain enclosed forms so as to enable the IRS to determine whether his claim for exemption was proper. The letter further indicated that petitioner could withdraw his claim for exemption, and stated finally that if petitioner did not respond within 15 days, petitioner's employer would be notified to disregard petitioner's Form W-4 and withhold tax as if he were single claiming one withholding allowance. Petitioner left Hendrix Electronics, Inc., on March 12, 1982. At the time of the trial of this case he was employed as a software engineer by Wang Laboratories. Petitioner's liability for income tax for the taxable years 1978 through 1978 was the subject of an examination by agents of respondent. During that examination he did not furnish copies of any W-2 forms to the examining agent, nor did he furnish any records of *197 his income-producing activities. The Commissioner issued the statutory notice of deficiency herein on June 30, 1983. On September 23, 1983, petitioner filed a document with the Court entitled "Petition and Request for Time to Amend". This document appears to be a photocopy of a typed form with blank spaces left to be filled in by a particular taxpayer. These spaces were filled in by hand, identifying Grant W. Sullivan as petitioner, and setting forth the date of the Commissioner's deficiency notice, the address of the IRS office which issued the notice, petitioner's signature and P.O. Box address, and finally the date of the document. A copy of the notice of deficiency was attached to the document. The document contains no assignments of error or statements of fact other than "[p]etitioner is a natural individual and freeman", which appeared in the prepared form. It contains no prayer for relief other than "[p]etitioner hereby requests this court for 60 days additional time to amend and perfect this petition", which was also part of the prepared form. No reason is stated for requesting this additional time. Following an order of the Court that petitioner file a proper *198 amended petition on or before November 28, 1983, petitioner on November 30, 1983, filed a document entitled "Amended Petition". The assignments of error and statements of fact set forth in the Amended Petition are vague and general, and no reason is stated why such assignments of error and statements of fact could not have been made at the time the "Petition and Request for Time to Amend" was filed. Respondent filed a timely Answer to the Amended Petition, setting forth affirmative allegations in support of the addition to the tax for fraud, and also setting forth allegations in support of a claim for damages under section 6673, I.R.C. 1954. By a letter dated August 27, 1984, respondent advised petitioner of the Tax Court rules regarding the stipulation of facts and enclosed a proposed stipulation, which petitioner refused to execute. When this case was called from the calendar October 1, 1984, the Court advised petitioner of the rules regarding the stipulation of facts and directed that he consult with counsel for the respondent in the preparation of a stipulation. Respondent's counsel has since represented to the Court, without contradiction by petitioner, that following *199 the conclusion of the calendar call, petitioner refused to speak with counsel for respondent and requested that all communications be in writing. By a letter dated October 3, 1984, counsel for the respondent forwarded a second proposed stipulation of facts to the petitioner. The letter also explained the provisions for damages under section 6673, I.R.C. 1954, and enclosed a copy of the Order of Dismissal and Decision of this Court with an attached Memorandum Sur Order in a case involving another taxpayer, noting that the Court had imposed damages of $5,000 against the taxpayer therein for filing a petition making allegations allegedly similar to those in the petition filed in this case. At the trial of this case petitioner read a prepared statement of obvious tax protester origin. Petitioner refused to disclose the source of his statement, claiming a Fifth Amendment privilege against self-incrimination. OPINION Despite his disclaimer, petitioner is a tax protester. He makes contentions which have become all too familiar in this Court as well as in Federal courts throughout the country and which have been uniformly rejected. He asserts without a shred of supporting credible *200 or convincing evidence that "the government has engaged in deceptive and slanderous proceedings" in trying to "prejudice" his case. His testimony consisted largely of reading a prepared statement, which we had heard at least in part in substantially ipsissimis verbis in many other cases. During the tax years, petitioner received compensation for services, which he stubbornly refuses to characterize as wages. He insists that he is a "natural individual and freeman"; that the labor he performed was his "property"; that it was obtained by him as "a gift from my Creator that I received at my birth"; that he sold it; that his basis therein was "non-zero" and indeterminable; that the value of his labor was equal to what he was paid for it and should be treated as his basis; and that he therefore realized no gain upon the sale of that labor. He further claims that he "was not a person liable for any income or other type of indirect tax * * * [and] had no obligation to file returns of income nor did I file returns of income for" 1978 through 1981. He has also challenged the determination of deficiency against him on the ground that his compensation was paid to him in Federal Reserve *201 notes [2] and "tokens" (the cents or fractional portion of a dollar in the amounts of his wage checks). Petitioner's position is utterly without substance. It merits no further consideration. Not only has he failed to carry his burden of showing any error in the Commissioner's determination with respect to his basic tax liability, but the record affirmatively establishes through the W-2's in evidence that he received precisely the amounts of wages that were attributed to him by the Commissioner. Nor has petitioner shown any error in the Commissioner's determination of additions to tax under section 6654(a) for failure to pay estimated income taxes for any of the years in issue. The burden of proof as to fraud in respect of the additions to tax under section 6653(b) was upon the Government, *202 and we are satisfied that such burden was carried by the required clear and convincing evidence. Petitioner is a well-educated, highly intelligent and sophisticated person. He knew full well of his obligation to file income tax returns and pay taxes upon his wages. He had filed such returns for a period of some ten years through the year 1975. Yet, in an effort to defeat his liability for taxes thereafter by preventing withholding by his employer, he submitted false Forms W-4E and W-4. He received Wage and Tax Statements (Forms W-2) from his employers, setting forth the amounts of his compensation. The evidence also shows that petitioner failed to cooperate in an investigation conducted by the IRS, and submitted dilatory and frivolous requests. We need not recanvass the record further. The required fraud has been properly established. See Rowlee v. Commissioner,80 TC. 1111, 1125-1126 (1983). We finally consider the Government's request that we find petitioner liable for damages under the provisions of section 6673. The evidence overwhelmingly establishes that petitioner's position in this proceeding is both "frivolous" and "groundless" within the meaning *203 of these provisions, which authorize the award of damages not in excess of $5,000 where the taxpayer's position inter alia is frivolous "or" groundless. Indeed, petitioner made virtually identical contentions as to his liability for income tax on a simulated or modified Form 1040 which he submitted to the IRS requesting the return of income taxes withheld in 1983. [3] The IRS imposed a penalty on him under section 6703 for the filing of a frivolous tax return. Petitioner challenged the legality of that penalty in a suit brought in the United States District Court for the District of New Hampshire. That court ruled against him and found that he had filed a "frivolous" return. Sullivan v. United States,     F. Supp.    , 85-2 USTC par. 9465,     AFTR 2d     (D.N.H. May 15, 1985). His position in the present case is no less frivolous. *204 Section 6673 is clearly applicable here. Petitioner has abused the process of this Court and has wasted the resources of both the Court and the IRS. Damages in the amount of $5,000 will be awarded to the United States. Decision will be entered for the respondent.
Footnotes
1. Petitioner did not submit any requested findings of fact nor did he file any objection to the findings proposed by the Commissioner.↩
2. In this connection, the provisions of the stipulation of fact submitted to him by the Government for signature set forth the amounts of money received by him from his employer, using the symbol "$" in front of the figures, but the stipulation actually signed by petitioner contained, obviously at his insistence, the symbol "F$" in front of those amounts instead of the proper "$" symbol.↩
3. Apparently, petitioner either did not file a Form W-4 claiming exemption from withholding applicable to 1983 or he had not succeeded in preventing his employer from withholding. See the finding of fact supra,↩ pp. 4-5, in respect of the IRS letter to petitioner indicating that it was reviewing petitioner's W-4 in 1981.